UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. CV 26-6363 DMG (PVC) Date: July 15, 2026

Title Ricardo Jose Calderon Lopez v. City of Santa Monica Police Dept., et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| --- | --- |
| None | None |

**PROCEEDINGS: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS (Dkt. No. 2) SHOULD NOT BE DENIED AND PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

Pending before this Court is Plaintiff Ricardo Jose Calderon Lopez's Request to Proceed In Forma Pauperis. (Dkt. No. 2). When screening such a request, a court shall dismiss a case that is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, at this juncture, "the Court must also determine sua sponte whether it has subject-matter jurisdiction over Plaintiff's case." *Turner v. Pollard*, No. 320CV02193, 2020 WL 7318123, at *2 (S.D. Cal. Dec. 11, 2020).

Plaintiff Ricardo Jose Calderon Lopez filed a Notice of Removal on May 30, 2026. ("Notice," Dkt. No. 1). The Notice identifies Mr. Calderon Lopez as the Plaintiff in this case. (*Id.* at 1). The same day, the Court issued a Notice to Filer of Deficiencies indicating that Plaintiff "is listed on the caption of the Notice of Removal as Plaintiff, not Defendant." (Dkt. No. 3). This was, at the very least, error.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 26-6363 DMG (PVC) Date: July 15, 2026

Title Ricardo Jose Calderon Lopez v. City of Santa Monica Police Dept., et al.

Removal to federal district court is only appropriate where that court could exercise original jurisdiction in a case the plaintiff has initiated in state court. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446. By statute, removal power is authorized to defendants alone. *See* 28 U.S.C. § 1441(a) (with limited exception, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*" (emphasis added)); 28 U.S.C. § 1443; 28 U.S.C. § 1446(a) (limiting the authority to "[a] defendant or defendants" in a civil action). As such, "[n]o right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967). If Plaintiff is truly the plaintiff in the underlying action, he is not entitled to removal, and this case should be dismissed for lack of jurisdiction.

Plaintiff here has failed to identify the litigation he seeks to remove. However, in the body of his filing, Plaintiff moves "for removal of a parallel conduct Case-Erroneously initiated in Superior Court-Airport Courthouse by the defendants [*sic*] personnel." (Notice at 2). If, as this sentence suggests, Plaintiff is the defendant in a truly removable case, his Notice is deficient. As such, Plaintiff must file a new Notice of Removal compliant with any relevant portions of 28 U.S.C. § 1441, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. If Plaintiff does not properly indicate the identifying information of a state action in which he is a defendant, this Court shall prepare a Report and Recommendation recommending denial of Plaintiff's pending Request to Proceed In Forma Pauperis and dismissal of this action for lack of jurisdiction.

Plaintiff shall comply with this order within fourteen days' time.

IT IS SO ORDERED.

| | |
|---|---|
| | 00:00 |
| **Initials of Preparer** | mr |